# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **JIMMY DAVIS, JR.,** | * | |
| *Petitioner,* | * | |
| v. | * | Civil Action No. DKC 18-1463 |
| | * | (Related Criminal No. DKC 10-707) |
| **UNITED STATES OF AMERICA,** | * | |
| *Respondent.* | * | |

## MEMORANDUM OPINION AND ORDER

Now pending before the Court is Petitioner's Motion to Vacate, Set Aside, or Correct pursuant to 28 U.S.C. § 2255. ECF No. 46. For the reasons discussed below, the Court preliminarily agrees with the Government that Petitioner's § 2255 Motion is time-barred and will grant Petitioner time to respond to the Government's timeliness argument.

### Background

On November 17, 2010, Petitioner was charged in a two-count indictment with: possession with intent to distribute 28 grams or more of cocaine base, in violation of 28 U.S.C. § 841; and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). ECF No. 6. On October 27, 2011, after Petitioner pled guilty to both counts, the Court sentenced Petitioner to 60 months' imprisonment as to Count One of the Indictment and 60 months consecutive as to Count Two of the Indictment, resulting in a total sentence of 120 months' imprisonment. ECF Nos. 34, 44. Petitioner did not appeal his conviction.

On May 21, 2018, Petitioner filed the pending motion challenging the validity of his § 924(c) conviction. ECF No. 46, at 1-2. Petitioner claims that he is entitled to relief pursuant to

the United States Supreme Court's decisions in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), *Mathis v. United States*, 136 S. Ct. 2243 (2016), and *Descamps v. United States*, 570 U.S. 254 (2013). *Id.* On October 11, 2018, the Government filed its Response in Opposition, to which the Petitioner did not reply. ECF No. 48.

## Discussion

Claims under § 2255 are subject to a one-year statute of limitations, which begins to run from the date on which the judgment of conviction becomes final, unless one of the three exceptions applies as provided in § 2255(f)(2)–(4).[1] 28 U.S.C. § 2255(f). When a defendant does not file a direct appeal, the one-year limitations period begins to run when the district court enters judgment of conviction and the time to pursue an appeal lapses. *See Whiteside v. United States*, 775 F.3d 180, 182–83 (4th Cir. 2014). Judgment was entered in this case on October 31, 2011. ECF No. 44. Because Petitioner did not file an appeal, his conviction became final on November 14, 2011. Fed. R. App. P. 4(b)(1)(A)(i). Thus, for Petitioner's § 2255 Motion to be timely, he must have filed his Motion on or before November 10, 2011. However, Petitioner's Motion was untimely because he did not file until May 21, 2018, more than six years after the deadline.[2]

---

[1] 28 U.S.C. § 2255(f) states:
    A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
        (1) the date on which the judgment of conviction becomes final;
        (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
        (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
        (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

[2] Petitioner's § 2255 Motion would still have been filed after the limitations period even if the Court considered the filing date to be the date on which Petitioner mailed his § 2255 Motion, May 17, 2018. *See Houston v. Lack*, 487 U.S. 266 (1988) (finding that the "mail box rule" applies to § 2255 motions).

Petitioner attempts to excuse this untimely filing by using § 2255(f)(3) and invoking the decisions in *Dimaya*, *Mathis*, and *Descamps*. Each of these Supreme Court decisions is inapplicable and thus provides Petitioner no exception to his untimeliness. First, Petitioner's reliance on *Dimaya* is misplaced. In *Dimaya*, the Supreme Court invalidated the residual clause of § 16(b) as unconstitutionally vague. 138 S. Ct. at 1214-15. Petitioner argues that, in applying *Dimaya*, his § 924(c) "offense must now be ruled [un]constitutionally vague." ECF No. 46-1 at 1. After Petitioner filed his § 2255 Motion, the Fourth Circuit in *United States v. Simms*, 914 F.3d 229 (4th Cir. 2019), applied *Dimaya* and found that the residual clause, specifically § 924(c)(3)(B), was unconstitutionally vague. However, Petitioner pled guilty to "possession of firearms in furtherance of a *drug trafficking crime*" as defined in § 924(c)(2). ECF No. 34 at 1 (emphasis added). Because his § 924(c) conviction was predicated on his use of a firearm in connection with a drug trafficking offense as identified in § 924(c)(2), not in connection with a crime of violence as defined in § 924(c)(3), *Dimaya* and *Simms* are inapposite. *See United States v. Hare*, 820 F.3d 93, 105-06 (4th Cir. 2016) (upholding a § 924(c) conviction, despite *Johnson*, because § 924(c) "prohibits possession of a firearm in furtherance of a crime of violence or a drug trafficking crime") (emphasis in original).

Secondly, as for *Mathis* and *Descamps*, these decisions "did not establish a new rule" sufficient to grant a petitioner relief under § 2255(f)(3). *Stewart v. United States*, No. ELH-17-1409, 2017 WL 2361089, at *4 (D. Md. May 31, 2017). However, even if *Mathis* and *Descamps* were to establish a new rule sufficient for § 2255(f)(3), just as with *Dimaya*, these cases are inapposite because they deal with crimes of violence and Petitioner's conviction here was based on a drug trafficking crime. Accordingly, Petitioner's § 2255 Motion is not excused under § 2255(f)(3).

Finally, because Petitioner makes no allegations that would excuse his untimeliness under either § 2255(f)(2) or (f)(4), the only way to save his § 2255 Motion is if equitable tolling applies. *See United States v. Prescott*, 221 F.3d 686, 688 (4th Cir. 2000). For equitable tolling to apply, a petitioner must demonstrate (1) that he has been pursuing his rights diligently, and (2) extraordinary circumstance stood in his way and prevented timely filing. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). The Court acknowledges it is expected to warn a petitioner that his case is subject to dismissal as time-barred and provide an opportunity to respond and demonstrate that equitable tolling is warranted. *See Day v. McDonough*, 547 U.S. 198, 202 (2006); *United States v. Sosa*, 364 F.3d 507 (4th Cir. 2004). Given that expectation, the Court will order Petitioner to respond to the Government's timeliness argument before it makes its final decision regarding Petitioner's § 2255 Motion.

Accordingly, it is this 16th day of April, 2019, by the United States District Court for the District of Maryland, hereby

**ORDERED**, that Petitioner **SHALL RESPOND within 21 days of the date of this Order** to the Government's timeliness argument asserted in the Government's Response in Opposition to Motion to Vacate Judgment Pursuant to 28 U.S.C. § 2255 (ECF No. 48); and it is further

**ORDERED**, that the Clerk is directed **TO MAIL** a copy of this Memorandum Opinion and Order to Petitioner.

/s/
DEBORAH K. CHASANOW
United States District Judge