IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| JIMMY REED DAVIS, Jr. | : |
| v. | : Criminal No. DKC 10-0707<br>Civil Action No. DKC 18-1463 |
| UNITED STATES OF AMERICA | : |

**MEMORANDUM OPINION**

Jimmy Reed Davis, Jr. ("Petitioner") filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner pled guilty to intent to distribute 28 grams or more of cocaine base in violation of 28 U.S.C. § 841 and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) and was sentenced by Judge Titus 120 months' imprisonment. (ECF Nos. 42 and 43). This conviction became final on November 14, 2011 when Petitioner's right to appeal the final judgment expired, as detailed more fully in the previous opinion and order in this matter. *Davis v. United States*, No. DKC 18-1463, 2019 WL 1641160, at *1 (D.Md. Apr. 16, 2019) (citing *Whiteside v. United States*, 775 F.3d. 180. 182-83 (4th Cir. 2014)).

I. **Procedural History**

The motion was received by the Clerk for filing on May 21, 2018, and is dated May 17, 2018.[1] The motion acknowledged that it

---

[1] Petitioner, who was incarcerated, gets the benefit of the "prison mailbox rule." A paper is deemed "filled" when it was

would be otherwise untimely except that *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018), on which it relies (in part), was decided on April 17, 2018, and therefore rendered his petition timely in being filed within one year of this decision. (ECF No. 46).

The government's response, filed on October 11, 2018, argued that *Dimaya* and the other Supreme Court cases relied on by Petitioner do not apply to Petitioner's conviction and thus cannot provide grounds for timeliness under § 2255(f)(3).  (ECF No. 48).

On March 1, 2019, with the death of Judge Titus, the case was subsequently transferred to this member of the court on March 1, 2019.  An opinion and order was issued on April 16, 2019, largely agreeing with the government's position and placing Petitioner on notice that of the three major cases cited he cited as the basis for relief — *Dimaya*, *Mathis v. United States*, 136 S.Ct. 2243 (2016), and *Descamps v. United States*, 570 U.S. 254 (2013) — all were inapplicable as Petitioner was charged with use of a firearm in furtherance of a *drug trafficking crime* under §924(c)(2), not a crime of violence; redgardless, *Mathis and Descamps* "did not establish a new rule" to allow Mr. Davis relief under § 2255(f)(3). Mr. Davis was informed that his § 2255 motion would be dismissed as untimely based on these findings unless he provided the court

---

delivered into the prison mail system.  This (at most) four-day difference, however, does not affect the timeliness of the motion, and thus the day the motion was docketed will be used for simplicity's sake.

with information that established that he is either entitled to the benefit of other timeliness exceptions provided in 28 U.S.C. § 2255, or that he is entitled to equitable tolling of the statute of limitations.  *Davis*, 2019 WL 1641160, at *2 (citing *Day v. McDonough*, 547 U.S. 198, 202 (2006) and *United States v. Sosa*, 364 F.3d 507 (4th Cir. 2004), as establishing the expectation that Petitioner be warned in this way).  Petitioner has not filed a response, despite being re-mailed a copy of the opinion and order on August 6, 2019.  (*See* notes on ECF No. 50).

During the pendency of this motion, Mr. Davis was released from prison into supervised release.  This does not moot the matter as "custody" is determined when the petition is filed, *United States v. Swaby*, 855 F.3d 233, 238-39 (4th Cir. 2017) (citing *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)), and, moreover, "a prisoner on supervised release is considered to be 'in custody' for the purposes of a § 2255 motion."  *Id.* (quoting *United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999)).

## II.  Analysis

As stated in the previous opinion and order, the various cases cited by Petitioner are entirely inapplicable to Mr. Davis' conviction.  With his purported basis for timeliness found to be meritless, he was warned that his claims, filed many years after his conviction became final, were at risk of being time-barred without a viable basis for timeliness.  Despite this warning, Mr.

Davis did not provide a viable "new rule," new fact, or grounds for equitable tolling as the basis for bringing a timely motion and his claims are therefore time-barred.

### III. Conclusion

The motion to vacate, set aside, or correct sentence filed pursuant to 28 U.S.C. §2255 by Petitioner Jimmy Reed Davis will be dismissed.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. §§ 2254 or 2255, the court is also required to issue or deny a certificate of appealability when it enters a final order adverse to the petitioner.  A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's order.  *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Where the court denies the petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that "reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003).  Where a motion is denied on a procedural ground, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) that jurists of reason would find it debatable whether the petition

4

states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (internal marks omitted).

After review of the record, it is clear that Petitioner does not satisfy the above standard.  Accordingly, a certificate of appealability will not issue.  A separate order will follow.

___/s/___
DEBORAH K. CHASANOW
United States District Judge
